PHILIP H. FRIEDMAN AND ANNA FRIEDMAN, Petitioners, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Friedman v. Commissioner
Docket No. 7359-90
United States Tax Court
1994 U.S. Tax Ct. LEXIS 4; January 12, 1994, Decided *4 Gerber
JOEL GERBER
ORDER
On December 16, 1993, petitioners filed a Motion For Reconsideration Of Findings And Opinion Under Rule 161 and a Motion To Vacate Or Revise Decision Under Rule 162. The motions relate to our Memorandum Findings Of Fact And Opinion filed November 23, 1993 ( T.C. Memo 1993-549), and our decision entered on November 30, 1993, in which we held that Anna Friedman was not entitled to relief from liability under the innocent spouse provisions of section 6013(e)(1), I.R.C.
Petitioners address two aspects of our opinion in support of their motions. First, they question some of our factual findings, but cover no aspect which was not the subject of the considerations underlying our opinion. Petitioners also contend that we employed an incorrect standard for determining whether the capital loss carryover deduction in question was a grossly erroneous item under section 6013(e)(1)(B), I.R.C. The wording of our opinion is interpreted by petitioners as limiting our analysis of the standard to the time of filing the tax return, but our holding is that the deduction had a basis in law or fact. We do understand, however, that the wording of our ultimate holding could *5 be misinterpreted. Therefore, it is ORDERED that petitioners' Motion To Vacate Or Revise Decision Under Rule 162 is denied. It is further ORDERED that petitioners' Motion For Reconsideration Of Findings And Opinion Under Rule 161 is granted to the extent that the Court's Memorandum Findings of Fact and Opinion filed November 23, 1993 ( T.C. Memo 1993-549), is amended as follows: On page 15, delete the last sentence of the last paragraph which reads "Therefore, at the time petitioners filed their 1983 joint income tax return claiming the loss carryover, the deduction had a basis in fact or law and the deduction is not grossly erroneous." and substitute in lieu thereof the following: "The deduction was not frivolous or fraudulent. Therefore, the deduction had a basis in fact or law and the deduction is not grossly erroneous."
In all other respects petitioners' motion for reconsideration is denied. It is further ORDERED that the Court's Memorandum Findings Of Fact And Opinion, filed November 23, 1993 ( T.C. Memo 1993-549), in all other respects remains unchanged. Joel Gerber
Judge Dated: Washington, D.C., January 12, 1994